Filed 11/30/21  P. v. Jarach CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>LAWRENCE JARACH,<br><br>    Defendant and Appellant. | A161582<br><br>(Alameda County<br>Super. Ct. No. 617468) |

Defendant pled no contest to one count of felony corporal injury to a relationship partner under Penal Code[1] section 273.5.   The trial court suspended sentence and imposed a probation term of five years pursuant to the parties' plea agreement.  The plea bargain allowed the court to consider reduction of the felony to a misdemeanor after three years if defendant performed well on probation.  After more than three years on probation, the trial court reduced the felony conviction to a misdemeanor under section 17, subdivision (b), but refused to terminate defendant's probation term.

On appeal, defendant contends the trial court erred for two reasons. First, defendant contends the trial court should have enforced the parties' plea bargain, which defendant argues incorporated a promise to reduce the

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

probation term to three years if defendant was successful on probation. Alternatively, defendant contends Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950) applies retroactively to his nonfinal conviction and provides his probation term may not be longer than four years. The Attorney General concedes that Assembly Bill 1950 applies retroactively to defendant's case.

We agree with the parties and other California appellate courts that Assembly Bill 1950 applies retroactively to defendant's nonfinal conviction. For reasons we discuss below, we conclude defendant's term of probation must be reduced to three years.

## I. BACKGROUND

Because the facts underlying defendant's conviction are irrelevant to the issues on appeal, we do not discuss them.

The Alameda County District Attorney's Office charged defendant with infliction of corporal injury to a relationship partner (§ 273.5, subd. (a); count 1) with an enhancement for personal infliction of great bodily injury (§ 12022.7, subd. (e)). Defendant pled no contest to count 1 in exchange for dismissal of the enhancement, placement on probation for five years with six months of county jail custody, and the prosecution's promise not to oppose reduction of count 1 to a misdemeanor if defendant completed his three years of probation successfully.[2] On April 6, 2017, the trial court suspended sentence and placed defendant on formal probation for five years.

_____

[2] The deputy district attorney stated the promise as follows: "And the People are agreeing that if he performs well on probation, it's going to be five-year probation, but if he performs well after three years, we will not object to a reduction to a misdemeanor. [¶] He will have five years of formal felony probation. [¶] Six months in the county jail." Defense counsel and defendant both confirmed they understood the plea agreement as stated by the prosecution.

2

On August 11, 2020, the trial court reduced defendant's felony conviction to a misdemeanor under section 17, subdivision (b) in accordance with the parties' plea bargain. The trial court denied defendant's motion for early termination of probation under section 1203.3 and for dismissal under section 1203.4 on October 21, 2020. Defendant timely appealed.

## II. DISCUSSION

Defendant raises two arguments in his opening brief on appeal. First, he contends the court should enforce his plea bargain by directing the trial court to terminate his probation effective April 6, 2020, because when the trial court reduced his felony conviction on count 1 to a misdemeanor, it was also required to reduce his probation term to three years, the maximum term for a misdemeanor violation of section 273.5, under former section 1203a. Second, defendant contends his probation terminated by operation of law on April 6, 2021, under section 1203.1, as amended by Assembly Bill 1950.

The Attorney General agrees that Assembly Bill 1950 operates retroactively to reduce defendant's term but contends that whether the proper length is one, two, or four years under the new law is irrelevant because defendant has already been on probation for more than four years. Because no reduction in his probation term is possible, his appeal should be dismissed as moot. Alternatively, the Attorney General proposes we can remand the case for the trial court to determine the date probation terminated under the new law and whether all conditions of probation were met.

In his reply brief, defendant argues the Attorney General waived any argument that he is not entitled to specific enforcement of the plea bargain and urges us to direct the trial court to terminate defendant's probation effective April 6, 2020. Alternatively, defendant asserts that Assembly Bill

3

1950 operates retroactively to require a one-, two-, three-, or four-year term of probation. Defendant further contends that the length of his probation term is not a moot issue because a defendant whose probation terminates successfully is entitled to expungement under section 1203.4. Thus, defendant argues, we can provide effective relief and enhance judicial efficiency by determining when his probation terminated to guide the trial court on remand.

We begin our analysis with consideration of the effect of Assembly Bill 1950 on defendant's probation term.

While this appeal was pending, Assembly Bill 1950 went into effect. "Assembly Bill 1950 amended Penal Code sections 1203a and 1203.1 to restrict the length of most probation terms. (Stats. 2020, ch. 328, §§ 1, 2.) Effective January 1, 2021, misdemeanor probation terms are generally limited to one year (§ 1203a, subd. (a)), and felony probation terms are generally limited to two years (§ 1203.1, subd. (a)). Exempt from these limits are offenses that 'include[ ] specific probation lengths within [their] provisions.' (§§ 1203a, subd. (b), 1203.1, subd. (m)(1).)" (*People v. Saxton* (2021) 68 Cal.App.5th 428, 431, fn. omitted.)

As noted above, the parties agree Assembly Bill 1950 operates retroactively here. So do we.

A penal statute generally does not apply retroactively unless the legislation expressly states its retroactive effect or if there is "a clear and compelling implication" that the Legislature intended such a result. (*People v. Hayes* (1989) 49 Cal.3d 1260, 1274.) There is an exception to this general rule, however, for statutes reducing criminal punishment. Absent a statement of legislative intent to the contrary, statutes reducing criminal punishment apply retroactively to all cases that are not final when the

legislation takes effect. (*In re Estrada* (1965) 63 Cal.2d 740, 744–745.) Because Assembly Bill 1950 mitigates punishment and there is no saving clause, it operates retroactively. (*Estrada*, at p. 748; *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1073, review granted June 30, 2021, S268787; *People v. Sims* (2021) 59 Cal.App.5th 943, 955–964; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879–885.)

In this case, the trial court reduced defendant's section 273.5 conviction to a misdemeanor on August 11, 2020. Under section 17, subdivision (b), the conviction is now a misdemeanor for all purposes. (§ 17, subd. (b)(3).) The Attorney General does not contest this point on appeal.

Section 1203a provides that misdemeanor probation terms are generally limited to one year unless the offense contains "specific probation lengths within its provisions." (§ 1203a, subds. (a) & (b).) Section 273.5 provides that "[i]f probation is granted to any person convicted under subdivision (a), the court shall impose probation consistent with the provisions of Section 1203.097." (§ 273.5, subd. (g).) Section 1203.097, in turn, provides that "[i]f a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code,[3] the terms of probation shall include . . . [¶] . . . A minimum period of probation of 36 months, which may include a period of summary probation as appropriate." (§ 1203.097, subd. (a)(1).)

As a leading treatise explains, "specific probation lengths" within the meaning of section 1203a "can be expressed as a 'maximum' or 'minimum' term." (Couzens et al., Sentencing California Crimes (The Rutter Group

---

[3] Family Code section 6211 defines " 'Domestic violence' " to include "abuse perpetrated against . . . [¶] . . . [¶] . . . [a] person with whom the respondent is having or has had a dating or engagement relationship." (Fam. Code, § 6211, subd. (c).)

2021) ¶ 8:15.10 & Appendix 8A [listing § 273.5 as a crime that specifies a length of probation].)  Because section 273.5 and section 1203.097 specify a minimum probation length of three years, we conclude defendant's probation term must be reduced to three years.[4]  (See Couzens et al., *supra*, ¶ 8:15.10 ["Where the excluded crime has no designated maximum term of probation, likely the proper maximum term is the minimum term of probation specified in the statute to the extent it exceeds the one-year limit now imposed by section 1203a, subdivision (a)" and thus "for most excluded misdemeanor offenses, the maximum term of probation is three years, which is also the minimum term"] & Appendix 8A [indicating maximum and minimum term for § 273.5 misdemeanor is three years].)

Although defendant's probation term has already terminated by operation of law, the length of probation is relevant to a determination of defendant's entitlement to relief under section 1203.4.[5]  As noted above, the trial court denied defendant's motion to dismiss under section 1203.4 when it denied his motion to terminate probation.  Accordingly, we remand for the trial court to reduce defendant's probation term to three years and determine whether defendant is entitled to relief under section 1203.4.

---

[4] Because we conclude that retroactive application of Assembly Bill 1950 requires that defendant's probation period be reduced to three years, we find it unnecessary to reach defendant's argument that he is entitled to specific enforcement of the parties' plea agreement.

[5] Section 1203.4, subdivision (a)(1) provides for mandatory dismissal of the accusation or information in any case in which a defendant has fulfilled the conditions of probation for the entire period of probation or has been discharged prior to termination of probation and provides for discretionary dismissal in the interests of justice.

## III. DISPOSITION

We remand for the trial court to reduce defendant's period of probation from five years to three years, and determine whether defendant is entitled to relief under section 1203.4. In all other respects, the judgment is affirmed.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

SANCHEZ, J.

A161582
*People v. Jarach*

8